# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40916
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2019

Lyle W. Cayce
Clerk

RICKY EUGENE ROSS,

Plaintiff - Appellant

v.

RICHARD D. ALFORD, Warden II; AARON J. TOMPKINS, Major of Correctional Officers; VIVIAN DAVIS, Program Supervisor I; MARILYN H. HARMON, Sergeant of Correctional Officers; BRENDA L. GROGAN, Sergeant of Correctional Officers; MONICA M. GOODMAN, Captain of Correctional Officers, DARREN B. WALLACE, Assistant Warden

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:15-CV-330

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Ricky Eugene Ross, former Texas prisoner # 1001745, challenges the summary judgment granted Texas prison officials Richard D. Alford, Aaron J. Tompkins, Vivian Davis, Marilyn

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

H. Harmon, Brenda L. Grogan, Monica M. Goodman, and Darren B. Wallace (appellees). Ross' action pursuant to 42 U.S.C. § 1983 claimed appellees violated his Eighth Amendment right to be free from cruel and unusual punishment, alleging: while imprisoned, his cellmates smoked cigarettes and marijuana; and appellees did not remedy the violations. In adopting the magistrate judge's report and recommendation, the district court granted summary judgment to appellees because Ross failed to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a); in the alternative, the district court concluded his Eighth Amendment claim lacked merit. In addition to those two bases, the magistrate judge's report and recommendation had recommended appellees were entitled to qualified immunity.

Whether summary judgment was properly granted is reviewed *de novo*. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In this regard, all facts and inferences are construed in the light most favorable to the non-movant. *Dillon*, 596 F.3d at 266 (citation omitted). "Summary judgment is appropriate if the non-movant fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014) (internal quotation marks omitted) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The judgment may be affirmed "on any ground supported by the record". *Id.* (internal quotation marks and citation omitted). That includes appellees' claiming, *inter alia*, qualified immunity.

Overcoming a qualified-immunity defense requires plaintiff show both a clearly established right and violation of that right. *E.g., Hope v. Pelzer*, 536

No. 18-40916

U.S. 730, 739 (2002) (citation omitted); *Pierce v. Smith*, 117 F.3d 866, 871–72 (5th Cir. 1997) (citation omitted).  As relevant in this instance, prisoners have a clearly established Eighth Amendment right to be free from deliberately indifferent exposure to unreasonably high levels of environmental-tobacco smoke.  *See Helling v. McKinney*, 509 U.S. 25, 35–36 (1993).

Ross provided no competent summary-judgment evidence to overcome appellees' being entitled to qualified immunity.  Although he alleges he was "constantly having to inhale second hand smoke of tobacc[o] and marijuana on a constant basis", no evidence shows how much smoke this was, or that any exposure was unreasonable.  *See id.* at 28 (noting complaint alleged plaintiff shared cell with inmate who daily smoked five packs of cigarettes).

AFFIRMED.